UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OWEN ELLIS, #16003536,

                        Plaintiff,

                -against-

NASSAU COUNTY, ADA MARTIN MEANY,
DET. FRED GOLDMAN #1105, DET. WILLIAM
BROSNAN #309, DET. ROBERT NARDO
# 1027, SHERIFF MICHAEL SPOSATO,
SHERIFF KIRK TAYLOR (Pueblo, CO),
ALBERTO E. BANKS, ESQ.

                       Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CV-6788 (JMA)(AYS)

**AZRACK, United States District Judge:**

On November 30, 2017, incarcerated pro se plaintiff Owen Ellis ("plaintiff") filed a complaint in this Court against Nassau County, Assistant District Attorney Martin Meany ("ADA Meany"), Det. Fred Goldman #1105 ("Det. Goldman"), Det. William Brosnan #309 ("Det. Brosnan"), Det. Robert Nardo # 1027 ("Nardo"), Sheriff Michael Sposato ("Sposato"), Sheriff Kirk Taylor (Pueblo, CO) ("Taylor"), Alberto E. Banks, Esq. ("Banks" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Upon review of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee and therefore the Court grants plaintiff's request to proceed in forma pauperis. However, the Court sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I. BACKGROUND[1]

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form and seeks to challenge his state court conviction of first degree robbery, among other things, under Index No. 2:10CR0068626. According to the complaint, ADA Meany, Det. Goldman, and Det. Brosnan "conspire[d] to fabricate an identification procedure allegedly made by Chad Williams on Sept. 2nd 2010." (Compl. ¶ IV.) Plaintiff claims that the dates on the reports relating to the identification procedure were altered in an effort to ensure that the charges against him were within the statutory limitations period. Plaintiff also appears to challenge his arrest in Colorado, approximately six years after the date the crime occurred. (Comp. at 6.) Finally, plaintiff alleges that his privately retained defense attorney, Banks, breached their contract because Banks represented plaintiff only through the conclusion of pre-trial proceedings and did not represent him at trial. Plaintiff alleges that although Banks never gave him a copy of the contract, Banks was retained to represent him through trial. (Compl. at 7.)

Based on the foregoing, plaintiff seeks to recover a monetary award against the defendants in excess of $20 million in addition to an order removing the defendants from public offices and to have criminal charges brought against them. (Compl. ¶ V.) Finally, plaintiff wants his "arrest information cleared in Nassau County and in Pueblo, C.O." (Id.)

## II. DISCUSSION

**A.     In Forma Pauperis Application**

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (finding that when reviewing a pro se complaint for sua sponte dismissal, a court is required to accept all material allegations as true).

pauperis is granted.

**B.     Standard for Dismissal**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted).

The Supreme Court has held that pro se complaints need not plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,

3

678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Affording the pro se complaint a liberal construction, to the extent that plaintiff seeks to pursue a federal claim, such claim would arise under 42 U.S.C. § 1983 ("Section 1983").

**C.    Section 1983**

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

1. Plaintiff's Conviction Bars His Claims for Injunctive Relief and Malicious Prosecution

Affording the pro se complaint a liberal construction as this Court is required to do, it appears plaintiff seeks to pursue malicious prosecution claims for which he seeks to have his "arrest [and, presumably, his conviction] information cleared." (Compl. ¶ V.) To the extent that plaintiff, who has been convicted, seeks to have his conviction invalidated and thus, have his

4

"arrest [and conviction] information cleared", his § 1983 claims seeking such relief are precluded by Preiser v. Rodriguez, 411 U.S. 475 (1973).  Almost fifty years ago, in Preiser, the United States Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  411 U.S. at 499.  More recently, the Supreme Court adhered to that rule in Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").[2]

Plaintiff's claims for malicious prosecution against all defendants are precluded by the holding of Heck.  As noted above, in Heck, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  (Id. at 487.)  Thus, a claim for damages relating to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  (Id.)  Indeed, the Heck Court instructs that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id.   Here, because plaintiff was convicted and his conviction and

---

[2] Heck also expanded this rule to include claims seeking monetary damages in addition to those seeking exclusively injunctive relief.  See id., generally.

5

sentence have not been overturned, his malicious prosecution claims are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).[3]

2. <u>False Arrest Claims</u>

Again, affording the <u>pro se</u> complaint a liberal construction, to the extent that plaintiff seeks to allege claims of false arrest, such claims are not plausible as a matter of law given plaintiff's conviction of the crime stemming from the challenged arrest. A claim for false arrest under Section 1983 requires a plaintiff to "demonstrate that defendant intended to confine him, he was conscious of the confinement, he did not consent to the confinement, and the confinement was not otherwise privileged." See <u>Shain v. Ellison</u>, 273 F.3d 56, 67 (2d Cir. 2001). "A false arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested." <u>Phelan v. Sullivan</u>, 541 F. App'x 21, 23 (2d Cir. 2013) (citing <u>Cameron v. Fogarty</u>, 806 F.2d 380, 387 (2d Cir. 1986)). Because plaintiff has been convicted, his false arrest claims are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.     State Law Claims**

Given the nature of plaintiff's allegations, it appears that plaintiff also seeks to allege state law breach of contract claims. Given the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims. Without federal claims as an anchor, the Court declines to exercise supplemental jurisdiction over any remaining state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . . "); <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before

---

[3] The dismissal of plaintiff's Section 1983 claims here is without prejudice to plaintiff pursuing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such a petition has certain requirements concerning timeliness and exhaustion and the Court makes no determination whether these requirements have been met.

trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims.").

**E.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet, while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the defects in plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the complaint is denied. The Clerk of the Court is directed to enter judgment and close this case.

### III.  CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's complaint is dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. The Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and the state law claims are thus are dismissed without prejudice. Because the defects in plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the

complaint is denied.   The Clerk of the Court is directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   April 12, 2018
         Central Islip, New York

                                           __/s/ (JMA)_____
                                            Joan M. Azrack
                                            United States District Judge